[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10693
Non-Argument Calendar

_____

D. C. Docket No. 91-00160-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARD DAVID BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Gerard David Barnes appeals his 36-month sentence, imposed after he was found to have violated the terms of his supervised release by committing, among other things, the offense of burglary. Barnes argues the district court's departure from the guidelines and imposition of a 36-month sentence was unreasonable, because the court ordered the sentence to be served consecutive to a 15-year state sentence set to be imposed and failed to consider the § 3553(a) factors.

Under 18 U.S.C. § 3583(e), a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a) and upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).

We review a sentence imposed upon the revocation of supervised release for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591, 594 (2007); *Sweeting*, 437 F.3d at 1106-07. The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005); *see also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

For a Class A felony, the maximum term of imprisonment that could be

imposed upon revocation of supervised release is five years, pursuant to 18 U.S.C. § 3583(e)(3). Chapter 7 of the Sentencing Guidelines recommends a sentencing range of 21-27 months for a Grade B violation of supervised release when the defendant has a criminal history category of VI. U.S.S.G. § 7B1.4(a). Chapter 7 also states that any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. U.S.S.G. § 7B1.3(f).

Barnes has failed to show that the district court procedurally erred, as the record indicates the court considered the statements of the parties, had a reasoned basis for its decision, and considered the § 3553(a) factors. *See United States v. Rita*, 127 S. Ct. 2456, 2468 (2007). Furthermore, given Barnes's extensive criminal history, we cannot say that a sentence only 9 months above the high end of the Guidelines range and 24 months below the statutory maximum is outside the range of reasonable sentences dictated by the facts of this case. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Because Barnes has failed to show that his sentence is procedurally or substantively unreasonable in light of the record and the § 3553(a) factors, *see*

3

*Gall*,128 S. Ct. at 597, we affirm his sentence.

**AFFIRMED.**